# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1087

_____

United States of America,                     *
                                              *
      Plaintiff - Appellant,            *
                                              *   Appeal from the United States
    v.                                    *   District Court for the District
                                              *   of Minnesota.
Joseph Martin Blaeser,                        *
                                              *   [UNPUBLISHED]
      Defendant - Appellee.             *

_____

Submitted: June 15, 2004
Filed: July 29, 2004

_____

Before LOKEN, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

The government appeals the district court's sentencing order finding Joseph Martin Blaeser eligible for a safety valve reduction and resulting downward departure to 70 months from the minimum mandatory 10-year sentence. We reverse the district court, vacate the sentence, and remand for resentencing.

I

Blaeser pleaded guilty to a one-count indictment charging him with possession of 1.5 pounds of methamphetamine with intent to distribute. The Presentence

Investigation Report (PSR) assigned Blaeser a criminal history score of III based on five criminal history points attributable to three previous Minnesota state convictions. Following preparation of the PSR, Blaeser filed a motion in state court seeking to retroactively shorten the sentences on the three state misdemeanor convictions so they would not count towards his criminal history score, thereby making him eligible for safety valve relief. Blaeser's motion was based solely on a desire to avoid having the convictions count towards his criminal history score and not on any claim of innocence or error. The state court granted Blaeser's motion and modified the sentences accordingly.

The safety valve provision permits sentencing below the statutory minimum sentence when the defendant, among other things, has no "more than one criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); United States Sentencing Guidelines § 5C1.2. The district court accepted the state court's modifications of the state convictions and ordered the probation officer to amend the PSR to reflect zero criminal history points and a criminal history score of I. Thereafter, Blaeser submitted to a satisfactory safety valve interview and the district court granted his request for safety valve relief, departing downward from the 10-year minimum mandatory sentence to 70 months. The government now appeals.

II

We review application of the Guidelines de novo. United States v. Webb, 218 F.3d 877, 879 (8th Cir. 2000).

The Guidelines permit courts to disregard some state court convictions and sentences for the purposes of criminal history. Specifically, the Guidelines direct courts not to count sentences for "expunged convictions." U.S.S.G. § 4A1.2(j). Courts must, however, count sentences for convictions that, for reasons unrelated to

innocence or errors of law, are set aside or for which the defendant is pardoned. United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir. 2004) (citing U.S.S.G. § 4A1.2(j) n.10). Here, it is undisputed Blaeser's state convictions were not expunged. Rather, his probationary terms were reduced after they were served merely to obtain more favorable federal sentencing. Because Blaeser's convictions were modified for the express purpose of enabling him to become eligible for safety valve relief, and not for reasons related to his innocence or errors of law, the sentences must be counted when calculating his criminal history score. Martinez-Cortez, 354 F.3d at 832 (citations omitted) (concluding "as a matter of federal law, Martinez-Cortez's lesser step of modifying his sentences after they were served for reasons unrelated to his innocence or errors of law is not a valid basis for not counting the sentences for criminal history purposes.").

### III

For the reasons stated, we reverse the district court, vacate the sentence, and remand for resentencing consistent with our opinion.

_____