**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PAUL PECH-ABOYTES, a/k/a
JAVIER SOLIS-ABOYTES,

     Defendant-Appellant.

No. 08-4124

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:07-CR-00749-TS-2)**

---

Jon D. Williams, Salt Lake City, Utah, for Defendant-Appellant.

Elizabethanne C. Stevens, Assistant United States Attorney, Salt Lake City, Utah,
(Brett L. Tolman, United States Attorney, with her on the brief), for Plaintiff-
Appellee.

---

Before **BRISCOE, EBEL,** and **GORSUCH**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

     Defendant Paul Pech-Aboytes a/k/a Javier Solis-Aboytes ("Mr. Pech-

Aboytes") was charged by indictment with one count of possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, Mr. Pech-Aboytes pleaded guilty to the charge. After his plea but before his sentencing, Mr. Pech-Aboytes obtained a nunc pro tunc order from a state court which he hoped would have the effect of reducing his criminal history points. He was ultimately sentenced to a mandatory minimum term of 120 months' imprisonment, based on the district court's finding that Mr. Pech-Aboytes' criminal history category made him ineligible for "safety-valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

Mr. Pech-Aboytes appeals the district court's failure to apply the safety-valve provision. Specifically at issue is whether the district court erred in rejecting the nunc pro tunc order Mr. Pech-Aboytes obtained for the purpose of altering his prior probation expiration date so that his present crime of conviction was not committed while he was on probation.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

In 2007, Mr. Pech-Aboytes was charged in a one-count indictment with violating 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine. He entered into a plea agreement with the government to plead guilty to the charge. When Mr. Pech-Aboytes entered his plea of guilty, both parties believed he would qualify for safety-valve relief, based on the parties' belief that Mr. Pech-Aboytes did not have any criminal history and

2

otherwise appeared to qualify.

After Mr. Pech-Aboytes' plea hearing, a pre-sentence report ("PSR") was prepared. The PSR showed that Mr. Pech-Aboytes qualified for safety-valve relief, and neither party objected to the PSR. However, six weeks later, the PSR was updated through an addendum. The addendum showed a 2002 misdemeanor conviction in a California state court, with a 36-month probation sentence.[1] Based on the discovery of this conviction, the PSR was modified to reflect one criminal history point for the conviction and two criminal history points for Mr. Pech-Aboytes having committed the methamphetamine offense at issue while on probation.[2] A total of three criminal history points placed Mr. Pech-Aboytes in a criminal history category of II, rendering him ineligible for safety-valve relief.

Following his receipt of the PSR addendum, Mr. Pech-Aboytes' counsel acted to limit the effect of Mr. Pech-Aboytes' California state court conviction on his impending federal sentence. Mr. Pech-Aboytes' counsel describes his actions as follows:

> As a result of the addendum [to the PSR], counsel for Defendant sought out a licensed, California attorney to represent the Defendant before the state court that had

---

[1] The misdemeanor conviction was for manufacturing government issued CDL/ID(Commercial Drivers License/Identification).

[2] Mr. Pech-Aboytes' California state court probation was ongoing in 2007, at the time of his methamphetamine crime, based on several probation revocations and reinstatements. His probation termination date, after all the revocations and reinstatements, was June 26, 2009.

3

placed the Defendant on probation. Defendant's counsel was able to locate an attorney in California and thereafter sought *ex parte* permission from the United States District Court to employ the California attorney for the specific purpose of seeking an order that would ultimately render the Defendant eligible for application of the safety valve. The district court approved the Defendant's request to pay the California attorney for his services pursuant to 18 U.S.C. § 3006A.

. . . [P]ursuant to the motion of the Defendant filed by the California attorney, Commissioner Michael A. Leverson, Orange County Superior Court, entered an order *nunc pro tunc*, over the objection of the State of California prosecutor, terminating Defendant's probation in the California state court case as of September 30, 2007.

Aplt. Br. at 6-7 (internal citation omitted). The nunc pro tunc order was entered on May 15, 2008, by the Superior Court of Orange County, California.[3] ROA Vol. 1 Doc. 57-2.

A copy of the order terminating Mr. Pech-Aboytes' probation was provided to the United States Probation Office. A third modification to the PSR was then prepared and provided to the parties on the day of the scheduled sentencing hearing. The third modification removed the two criminal history points assessed for the commission of the instant offense while on probation. This left Mr. Pech-Aboytes with one criminal history point for his California misdemeanor, and the PSR placed Mr. Pech-Aboytes in Criminal History Category I, rendering him

---

[3] The California order states, in its entirety: "GOOD CAUSE APPEARING THEREFOR: IT IS HEREBY ORDERED that probation in this case is terminated *nunc pro tunc* as of September 30, 2007." ROA Vol. 1 Doc. 57-2.

4

eligible for safety-valve relief. The district court continued the sentencing hearing and directed the parties to brief whether Mr. Pech-Aboytes qualified for safety-valve relief as a result of the California state court nunc pro tunc order.

After the briefing of the nunc pro tunc/safety-valve issue was completed, the district court held the sentencing hearing. At that hearing, the district court found that "defendant's actions in shortening his probationary period for reasons unrelated to his innocence or errors of law is not a valid basis for not counting his sentences for criminal history purposes." Id. Vol. 2 at 17. The district court concluded Mr. Pech-Aboytes fell within Criminal History Category II and did not qualify for safety-valve relief. The district court then sentenced Mr. Pech-Aboytes to the 120-month mandatory minimum sentence.

Mr. Pech-Aboytes argues that the district court erred in assessing two criminal history points for commission of his methamphetamine offense while on probation from a prior conviction. Mr. Pech-Aboytes claims error because he had successfully obtained the California nunc pro tunc order which stated his probation terminated prior to the date of his methamphetamine offense. Mr. Pech-Aboytes argues that had the district court found that he was not on probation at the time of his methamphetamine offense, his low-end sentencing guidelines range would have been 70 months' imprisonment.

## II

"When reviewing a district court's application of the Sentencing

5

Guidelines, we review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Doe, 398 F.3d 1254, 1257 (10th Cir. 2005); see also United States v. Altamirano-Quintero, 511 F.3d 1087, 1092 (10th Cir. 2007) ("This court reviews de novo the district court's statutory interpretation of the safety-valve provision."); United States v. Gonzalez-Montoya, 161 F.3d 643, 651 (10th Cir. 1998) ("We review the district court's determination of a particular defendant's eligibility for relief under § 3553(f) for clear error. To the extent that the district court interpreted the 'scope and meaning' of 3553(f)(5), we review its legal interpretation de novo." (internal citations omitted)).

Mr. Pech-Aboytes argues that the district court erred in its calculation of his Guidelines sentence by failing to apply the safety-valve provisions of U.S.S.G. § 5C1.2. It is the defendant's burden to establish entitlement to a reduction in sentence under § 5C1.2. United States v. Salazar-Samaniega, 361 F.3d 1271, 1277 (10th Cir. 2004). Section 5C1.2 requires the imposition of safety-valve relief when certain criteria are met, one of which is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2(a)(1).

6

Specifically, Mr. Pech-Aboytes alleges error because of the district court's calculation of his criminal history points under U.S.S.G. § 4A1.1(d), which in turn made him ineligible for relief under § 5C1.2(a)(1). Section 4A1.1(d) states that two points should be added to a defendant's criminal history "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

The district court, at sentencing, relied on United States v. Martinez-Cortez, 354 F.3d 830 (8th Cir. 2004). In Martinez-Cortez, the defendant pleaded guilty to a methamphetamine offense under 21 U.S.C. § 841, and his presentence report applied § 4A1.1(d) to assess the defendant two criminal history points for being on probation when he committed his methamphetamine offense. Id. at 831. After his guilty plea and initial presentence report, the defendant sought to "modify his state sentences nunc pro tunc" for "the express purpose of avoiding a criminal history point in his federal drug sentencing." Id. The defendant received a reduction of his probation term from the state court, but did not "seek to withdraw his guilty pleas[,] and stipulated [that] his state convictions would count for any later enhancements under state law." Id. The district court accepted the defendant's eligibility for safety-valve relief and the government appealed. Id.

The Eighth Circuit reversed the district court. The Eighth Circuit first

noted that "[w]hether [the defendant] was under a criminal justice sentence for purposes of § 4A1.1(d) is a question of federal law." Id. at 832. The court then stated the issue presented as follows: "The question then becomes whether the Guidelines permitted the district court to disregard the fact of his actual sentence because, for the sole purpose of obtaining favorable federal sentencing consequences, [the defendant] had the probation period shortened after he served it and after he pleaded guilty to the federal drug conspiracy." Id.

In analyzing the issue, the court stated:

> The Guidelines do permit courts to disregard some state court convictions and sentences for the purposes of criminal history. Specifically, the Guidelines direct courts not to count sentences for "expunged convictions." U.S.S.G. § 4A1.2(j). Nevertheless, courts must count sentences for convictions that, for reasons unrelated to innocence or errors of law, are set aside or for which the defendant is pardoned. Id. n.10. Here, it is undisputed that [the defendant's] state convictions were not expunged. Rather, his probationary terms were reduced after the probationary terms were served merely to obtain favorable federal sentencing. If [the defendant's] convictions had been vacated for the express purpose of enabling him to become eligible for the safety valve, the sentences would have counted because the convictions would have been set aside for reasons unrelated to his innocence or errors of law. *We conclude that, as a matter of federal law, [the defendant's] lesser step of modifying his sentences after they were served for reasons unrelated to his innocence or errors of law is not a valid basis for not counting the sentences for criminal history purposes.* Thus, when [the defendant] committed the federal drug offense he remained under a sentence of probation for the purposes of § 4A1.1(d) and the district court was required to assess two criminal history points.

8

. . .

> In sum, given the timing and purpose of [the defendant's] state sentence reductions, we believe the Guidelines required the district court to conclude [the defendant] had four criminal history points and thus was ineligible for the safety valve. Accordingly, we reverse and remand for imposition of the mandatory minimum sentence.

Id. at 832-33 (emphasis added) (internal case citations omitted).[4]

We agree with the Eighth Circuit's analysis in Martinez-Cortez. As the Eighth Circuit notes, the Guidelines are specific about which prior convictions and sentences are counted in calculating a defendant's criminal history points, and which prior convictions and sentences are not. Section 4A1.2(j) directs district courts not to count "expunged convictions." The application notes for that section then state:

> Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

---

[4] Martinez-Cortez was a split panel decision. The dissent in Martinez-Cortez disagreed with the majority's conclusion that the state court's modifications were not valid, and found that the majority "fail[ed] to address the fundamental principles of federalism and deference owed by federal courts to state courts in processing their own criminal cases." 354 F.3d at 833-35, 833 (J. Lay dissenting).

9

U.S.S.G. § 4A1.2 n.10.[5]  This Guidelines section and commentary direct the district court to not count an expunged conviction in a defendant's criminal history, but to count a previous conviction even though it has been "set aside or . . . pardoned for reasons unrelated to innocence or errors of law."  The implication is that the district court should count previous convictions unless they have been set aside because of a finding of innocence or legal error.

In addition, there is another application note, not cited by the Eighth Circuit, that also contemplates this result.  Application note 6 to § 4A1.2 states: "Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted."  This application note provides further support for the conclusion that a defendant's obtaining a nunc pro tunc order which shortened a probationary period for a reason unrelated to errors of law or innocence is not a valid basis for negating otherwise applicable criminal history points.

---

[5]  The Guidelines' application notes are "binding in the sense of being authoritative interpretations of the Guideline[s]."  United States v. Robertson, 350 F.3d 1109, 1118 (10th Cir. 2003); see also United States v. Cruz-Alcala, 338 F.3d 1194, 1199 (10th Cir. 2003) ("Commentary that explains a [United States Sentencing G]uideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

The district court's refusal to reduce Mr. Pech-Aboytes' criminal history points on the basis of the nunc pro tunc order obtained solely for that purpose also squares with the stated goal of Chapter 4 of the Guidelines manual. The introductory commentary to the criminal history section of Chapter 4 states:

> . . . A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

This commentary further indicates that the Guidelines are intended to capture, via an increase in criminal history points, the very behavior Mr. Pech-Aboytes was attempting to avoid: the commission of a crime while under a probationary sentence. Such behavior is directly relevant to the harsher, mandatory-minimum penalty imposed when the safety-valve provision is inapplicable.

In addition to arguing that the Guidelines were misapplied, Mr. Pech-Aboytes argues that the district court erred in calculating his criminal history points because "federal courts must give full consideration to state court orders." Aplt. Br. at 13. The cases Mr. Pech-Aboytes cites as "examples" of this conclusion are Custis v. United States, 511 U.S. 485 (1994), and Daniels v. United States, 532 U.S. 374 (2001). Both of these cases were post-conviction

11

relief appeals wherein the defendant challenged the constitutionality of his prior state court convictions that were used in enhancing the defendant's sentences. In each case the Supreme Court noted that the defendant could attack his state court sentences through the proper procedures and then apply for reopening of his federal sentence. Custis, 511 U.S. at 497; Daniels, 532 at 382.

These cases have no applicability to the case at hand. Mr. Pech-Aboytes does not challenge the validity of the state court conviction that gave rise to his term of probation. Further, Mr. Pech-Aboytes does not argue that his probation was terminated nunc pro tunc because of some infirmity with the underlying state court conviction. Mr. Pech-Aboytes even concedes the validity of his state court conviction which resulted in his term of probation. We are left then with a federal sentencing question which is governed by federal law and the applicable Guidelines provisions.

III

We AFFIRM the district court's conclusion that Mr. Pech-Aboytes was ineligible for "safety-valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The district court correctly applied U.S.S.G. § 4A1.2(j) to conclude Mr. Pech-Aboytes' probationary term was shortened nunc pro tunc for reasons unrelated to innocence or errors of law.