# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3371

———————————————

United States of America

*Plaintiff - Appellee*

v.

Michael Jaisyn Haythorn

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: May 7, 2025
Filed: May 12, 2025
[Unpublished]

——————————

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

——————————

PER CURIAM.

Michael Haythorn appeals the sentence imposed by the district court[1] following this court's remand for resentencing on his conviction for a being a felon in

———————————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

possession of a firearm. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. In a pro se brief, Haythorn also challenges the reasonableness of the sentence, and additionally argues that his conviction was unconstitutional under New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and that the district court erred by assessing criminal history points for a 2013 Illinois cannabis conviction and by imposing an enhancement for possessing the firearm in connection with another felony offense.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). We also conclude Haythorn's remaining pro se arguments do not warrant reversal. This court has rejected the same constitutional challenge he raises as to his conviction. See United States v. Jackson, 110 F.4th 1120, 1126-27 (8th Cir. 2024). Haythorn's argument regarding his cannabis conviction lacks merit, as there is no dispute that the conviction was not expunged at the time of sentencing. See United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir. 2004). Finally, the district court did not err in assessing the enhancement for possessing the firearm in connection with another felony offense. See USSG § 2K2.1(b)(6)(B); Iowa Code § 719.1(1)(a), (f).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm.

_____