**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LEISEA MICHELLE WIPF,
            *Defendant-Appellant.*

No. 09-50291

D.C. No.
2:06-cr-00369-
GAF-1

OPINION

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted July 12, 2010*
Pasadena, California

Filed August 31, 2010

Before: Jerome Farris, Cynthia Holcomb Hall and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Hall

---

*This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a)(2).

13111

## COUNSEL

Kathryn A. Young, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Judson O. Littleton, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

## OPINION

HALL, Circuit Judge:

Appellant Leisea Michelle Wipf pled guilty to one count of possession with intent to distribute more than 100 grams of PCP, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). The district court imposed the statutory mandatory minimum sentence of 120 months, five years of supervised release, and a $100 special assessment. Appellant timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.[1]

### I.

At sentencing, the district court calculated a Guidelines range of 78 to 97 months, but observed that Appellant's crime was subject to a ten-year mandatory minimum. Appellant argued that the district court had discretion under 18 U.S.C. § 3553(a) to impose a sentence below the mandatory minimum, and that it should do so given her particular circumstances. She contended that there was a conflict between § 3553(a)—which requires district courts to impose the lowest sentence possible to achieve Congress's sentencing goals—and the ten-year mandatory statutory minimum. Although the district court noted that "if it were a matter within my discretion, I would impose a sentence below 120 months," it rejected Appellant's contention that it had discretion to depart below the statutory minimum.

### II.

We review the district court's refusal to depart below the statutory minimum sentence de novo, because that decision involved a question of law and not the exercise of discretion.

---

[1]We address several of Appellant's arguments in a separate memorandum disposition, concurrently filed under seal.

*United States v. Jackson*, 577 F.3d 1032, 1033 (9th Cir. 2009).

### III.

**[1]** We have never addressed explicitly the question of whether 18 U.S.C. § 3553(a) permits a district court to impose a sentence below a mandatory statutory minimum. Every other circuit to have done so has held that § 3553(a) does not confer such authority. *See United States v. Samas*, 561 F.3d 108, 111 (2d Cir. 2009); *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361-62 (11th Cir. 2008); *United States v. A.B.*, 529 F.3d 1275, 1280-83 (10th Cir. 2008); *United States v. Franklin*, 499 F.3d 578, 585-86 (6th Cir. 2007); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007); *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007); *United States v. Kellum*, 356 F.3d 285, 289 (3d Cir. 2004); *United States v. Ahlers*, 305 F.3d 54, 61-62 (1st Cir. 2002). We reach the same conclusion.

**[2]** Under 21 U.S.C. § 841(b)(1)(A)(iv), a defendant who possesses with intent to distribute 100 grams or more of PCP "shall be sentenced to a term of imprisonment which may not be less than ten years." We have previously held that this minimum sentence is mandatory. *United States v. Haynes*, 216 F.3d 789, 799 (9th Cir. 2000). "The statutory minimum sentence must be imposed unless the defendant is a first-time offender who qualifies for the 'safety valve' under the guideline section 5C1.2, or the government moves for a downward departure based on the defendant's 'substantial assistance' under guideline section 5K1.1 or 18 U.S.C. § 3553(e) or Rule 35(b) of the Federal Rules of Criminal Procedure." *Id.* Because the safety valve was unavailable due to Appellant's prior drug conviction, and the government did not file a motion for substantial assistance, the district court imposed the mandatory minimum sentence.

Appellant argues that 18 U.S.C. § 3553(a) independently permits the district court to avoid the mandatory statutory minimum, because the statute requires a district court to "impose a sentence sufficient, but not greater than necessary" and to consider in all cases, *inter alia*, the specific circumstances of the offense, defendant's individual history, the need to deter criminal conduct, and the public safety.[2] She also argues

---

[2]Section § 3553 (a) provides, in relevant part:

**Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for
—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement [issued by the Sentencing Commission] . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553.

that the Supreme Court decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), allows a sentencing court to reject a mandatory minimum sentence based upon the "overarching" parsimony principle enshrined in § 3553(a). These arguments are without merit.

**[3]** Although we have held that a district court must consider the § 3553(a) factors in all cases, *see, e.g.*, *United States v. Carty*, 520 F.3d 984, 991-993 (9th Cir. 2008) (en banc), and that a district court may depart below the applicable Guidelines range on the basis of the remaining § 3553(a) factors, *id.*, the plain language and structure of § 3553 indicate that only subsections (e) and (f) permit a district judge to reject a mandatory minimum sentence. Subsection (e) is titled "Limited authority to impose a sentence below a statutory minimum" and requires that the government file a motion for substantial assistance before departing below the statutory minimum. Subsection (f) is titled "Limitation on applicability of statutory minimums in certain cases" and outlines circumstances in which first-time offenders may be relieved of statutory minimums for non-violent crimes. By contrast, subsection (a) makes no mention of statutory minimums, and the sentencing chapter begins by instructing courts that "*except as otherwise specifically provided*, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced . . . so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) . . . ." 18 U.S.C. § 3551(a) (emphasis added).

**[4]** Because Congress specifically included language in subsections (e) and (f) of § 3553 addressing limited circumstances in which a district court may depart below statutory minimums and did not include such language in subsection (a), it should be presumed that Congress intended not to disturb statutory minimums through application of the § 3553(a) factors. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same

Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quotation marks and citation omitted)). Moreover, through the statutory minimum set forth in 21 U.S.C. § 841(b)(1)(A)(iv), Congress "otherwise specifically provided" that the § 3553(a) factors do not control. *See Samas*, 561 F.3d at 111 (holding that § 3553(a) did not permit courts to sentence below the statutory minimums in 21 U.S.C. § 841(b)); *Castaing-Sosa*, 530 F.3d at 1361-62 (same).

**[5]** The Supreme Court's decision in *Kimbrough* supports, rather than undermines, the conclusion that a sentencing court may not depart below statutory minimums based upon the § 3553(a) factors. In *Kimbrough*, the Court held that a district court may reject the 100-to-1 equivalency between crack and powder cocaine used to determine the applicable *Guidelines* range for crack cocaine convictions, even though Congress adopted a 100-to-1 ratio in determining the statutory minimum sentences in § 841(b). Although a sentencing court could reject the Sentencing Commission's use of the 100-to-1 ratio in the Guidelines, the Court stated that sentencing courts are still subject to statutory mandatory minimum sentences. *See Kimbrough*, 552 U.S. at 104-05 ("[T]he 1986 Act does not require . . . sentencing courts to adhere to the 100-to-1 ratio for crack cocaine quantities *other than those that trigger the statutory mandatory minimum sentences*.") (emphasis added); *id*. at 107 (acknowledging that there could be sentencing "cliffs" around quantities that trigger the mandatory minimums). *Kimbrough* does not stand for the broad proposition that the district court has discretion to reject Congress's sentencing determinations; it simply reaffirms the conclusion in *United States v. Booker*, 543 U.S. 220 (2005), that the Guidelines ranges, including the Sentencing Commission's use of a drug equivalency employed elsewhere by Congress, are advisory in nature. The district court had no discretion to depart below the ten-year minimum sentence set forth by Congress, notwithstanding *Kimbrough* and *Booker*. *Accord Samas*, 561

F.3d at 110; *United States v. Harris*, 567 F.3d 846, 852 (7th Cir. 2009).

## IV.

**[6]** For the foregoing reasons, we **AFFIRM** Appellant's 120-month sentence, but we **REMAND** for a technical correction of the written judgment as ordered in a memorandum filed under seal contemporaneously with this opinion.