**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CARLOS ALVAREZ-ESPINOZA,<br><br>Defendant - Appellant. | No. 09-10430<br><br>D.C. No. 2:08-cr-00611-DGC-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 5, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Carlos Alvarez-Espinoza was convicted of multiple crimes arising out of the

hostage taking of undocumented immigrants. He appeals his conviction and

sentence to a total of 137 years in prison.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not err in denying Alvarez-Espinoza's motion to dismiss the indictment due to the government's failure to retain a witness who provided part of the basis for the search warrant. To support a dismissal of the indictment, Alvarez-Espinoza must show that the government acted in bad faith and caused prejudice to his case, and as conceded at oral argument, he cannot make any such showing. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1174 (9th Cir. 2002).

The district court imposed 18 U.S.C. § 924(c)(1)(A)(ii)'s mandatory minimum seven-year sentence consecutive to the greater mandatory minimum sentences required by the subsequent firearms convictions on other counts. Alvarez-Espinoza contends this was error. The issue is the same as that recently decided by the Supreme Court in *Abbott v. United States*, 131 S.Ct. 18 (2010). The Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* at *5. There was no error.

Alvarez-Espinoza also contends the district court erred when it stacked the § 924(c) sentences related to the brandishing of a firearm. There was no error because under our circuit's law, "when the government charges more than one

2

§ 924(c) offense in a single indictment, each additional count is to be treated as a 'second or subsequent conviction' for purposes of 18 U.S.C. § 924(c)(1)(C)(i) and therefore carries a mandatory minimum sentence of twenty-five years.  Because § 924(c)(1)(D)(ii) requires that 'no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed,' each independent § 924(c) count in the indictment imposes a *consecutive* sentence in addition to any other sentence imposed, either under § 924(c) or under any other counts for which the defendant has been convicted."  *United States v. Beltran-Moreno*, 556 F.3d 913, 915 (9th Cir. 2009) (emphasis in the original).

We have also recently held "that a sentencing court may not depart below statutory minimums based upon the § 3553(a) factors."  *United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010).  Alvarez-Espinoza's argument that the court should have done so in this case is therefore foreclosed.

Our case law also forecloses the argument that the sentence constitutes cruel and unusual punishment.  *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) ("A sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual.") (citations, brackets, and internal quotation marks omitted).

**AFFIRMED**.