NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff - Appellant,<br><br>v.<br><br>**JERMAINE EARL MCCLELLAND, AKA Baby Mont, AKA Monty,**<br><br>Defendant - Appellee. | No. 13-50082<br><br>D.C. No. 2:12-cr-00872-R-1<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 15, 2014[**]
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **WARDLAW** and **FISHER**, Circuit Judges.

The district court lacked authority to impose a sentence below the mandatory minimum. See United States v. Wipf, 620 F.3d 1168, 1170–71 (9th Cir. 2010).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Because McClelland had three criminal history points, he was ineligible for safety valve relief. <u>See</u> 18 U.S.C. § 3553(f). Whether the district court believed that McClelland's criminal history category substantially over-represented the seriousness of his criminal history is irrelevant because "district courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1)." <u>United States</u> v. <u>Hernandez-Castro</u>, 473 F.3d 1004, 1008 (9th Cir. 2007). We therefore vacate the sentence and remand for resentencing.

**VACATED AND REMANDED.**