**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ALBERTO MARQUEZ, AKA Bat,

Defendant - Appellant.

No. 11-50479

D.C. No. 3:08-cr-02019-L-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Jose Alberto Marquez challenges his conviction for conspiracy to distribute

50 grams or more of methamphetamine and for aiding and abetting possession with

intent to distribute 50 grams or more of methamphetamine. He also appeals the

concurrent life sentences imposed for the crimes, which were mandatory due to his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

prior felony drug convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in refusing to grant a continuance because the trial had begun, multiple continuances had already been granted, and there was no indication that defense counsel was unprepared. *See United States v. Thompson*, 587 F.3d 1165, 1173–75 (9th Cir. 2009).

Marquez argues that the district court should have assigned him a new lawyer after he complained about his attorney on the first day of trial and through multiple letters to the court. For starters, we reject the Government's suggestion that the Local Rules prohibited the judge from considering such letters. The rules preventing ex parte communications were not designed to prevent a prisoner from expressing concerns about his counsel to the court. Upon receiving the letters, the court should have notified counsel for both sides and conducted an inquiry into Marquez's allegations. Nonetheless, the court's failure to provide substitute counsel was not an abuse of discretion or plain error. Marquez never explicitly requested a new lawyer, but even if his complaints are construed as a motion for substitute counsel, the request was properly denied given that the trial was underway, Marquez was given the opportunity to be heard, and the court determined that defense counsel was competent and well-qualified to handle the

case. *See United States v. Prime*, 431 F.3d 1147, 1154–56 (9th Cir. 2005). Further, Marquez fails to point to anything in the record suggesting that counsel did not effectively represent him.

Reviewing the issue de novo, *see United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010), we reject Marquez's challenge to the sufficiency of the evidence. A rational trier of fact could have relied on the testimony of the prosecution's expert and concluded beyond a reasonable doubt that the crimes involved 50 grams or more of actual methamphetamine. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The admission of expert testimony regarding the Mexican Mafia and Marquez's membership in that organization was not an abuse of discretion. *See United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998). The evidence was relevant, Fed. R. Evid. 402, its probative value outweighed any prejudicial effect, Fed. R. Evid. 403, and it was an appropriate subject for expert testimony, *see* Fed. R. Evid. 702; *United States v. Rodriguez*, No. 12-50132, 2014 WL 2766197, at *14 (9th Cir. June 19, 2014) (permitting expert testimony regarding hierarchy of Mexican Mafia). Under de novo review, we also conclude that the testimony did not amount to "other crimes" evidence and was admitted for a non-character

purpose. *See* Fed. R. Evid. 404(b); *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995).

Finally, Marquez's mandatory life sentences are not subject to reversal. Mandatory minimum sentences do not violate due process or the Eighth Amendment, *see Harmelin v. Michigan*, 501 U.S. 957, 994–96 (1991); *United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991), and 18 U.S.C. § 3553(a) does not permit a district court to impose a sentence below the mandatory minimum, *United States v. Wipf*, 620 F.3d 1168, 1169–70 (9th Cir. 2010).

**AFFIRMED.**