**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50368 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00935-R-25 |
| v. | |
| RAYMOND LUNA, AKA Ray, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50385 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00935-R-12 |
| v. | |
| ANTHEA ABAYARI, AKA Thea, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50414 |
| Plaintiff - Appellant, | D.C. No. 2:11-cr-00935-R-25 |
| v. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

RAYMOND LUNA, AKA Ray,

        Defendant - Appellee.

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ROBERT MEYER, AKA Stranger,

        Defendant - Appellant.

No. 12-50470

D.C. No. 2:11-cr-00935-R-13

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILFRED GARCIA, AKA Casper,

        Defendant - Appellant.

No. 12-50601

D.C. No. 2:11-cr-00935-R-6

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SAMOSET GALVAN, AKA Sam,

        Defendant - Appellant.

No. 13-50028

D.C. No. 2:11-cr-00935-R-15

| UNITED STATES OF AMERICA, | No. 13-50168 |
| Plaintiff - Appellant, | D.C. No. 2:11-cr-00935-R-16 |
| v. | |
| COREY GONZALES, AKA Chippy, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

This appeal consolidates Anthea Abayari's, Samoset Galvan's, Wilfred Garcia's, Robert Meyer's, and Raymond Luna's (Defendants-Appellants) challenges to their convictions, and the government's cross-appeal of the sentences imposed on Luna and Corey Gonzales. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We affirm the convictions, vacate the sentences imposed on Luna and Gonzales, and remand to the district court for re-sentencing.

1. The district court did not err in denying Garcia's motion to suppress evidence gathered from the search of Garcia's cell phone. Detective Wolfe was

3

aware that Garcia was subject to warrantless searches pursuant to California Penal Code § 3067 at the time he searched Garcia's cell phone. *United States v. Caseres*, 533 F.3d 1064, 1075–76 (9th Cir. 2008). Thus, the cell phone search was a constitutional parole search.

2. The district court did not err in denying Defendants-Appellants' motion to suppress all wiretap evidence on the basis that the initial wiretap order lacked particularity. When the wiretap order is considered as a whole, *United States v. Spillone*, 879 F.2d 514, 517 (9th Cir. 1989), it only authorizes the interception of conversations relating to the commission of specifically designated offenses listed in the order, *United States v. Carneiro*, 861 F.2d 1171, 1179 (9th Cir. 1988).

3. The district court did not err in denying Defendants-Appellants' motion to suppress all wiretap evidence on the basis that the initial wiretap was not necessary. The affidavit submitted in support of the wiretap application provides a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The affidavit provides case-specific explanations for why traditional investigative efforts were unsuccessful and other traditional investigative tools would be unavailing in this particular drug conspiracy investigation. *United States v. Reed*, 575 F.3d 900,

4

908–10 (9th Cir. 2009). In light of the representations made in the affidavit, the issuing judge did not abuse his discretion in finding the wiretap was necessary. *Id.* at 909–10; 18 U.S.C. § 2518(3)(c).

4.    The district court did not err in denying Defendants-Appellants' motion to suppress all wiretap evidence on the basis that the initial wiretap order delegated authority to unsupervised civilian monitors. Title III expressly authorizes delegation of wiretap interception to civilian monitors. 18 U.S.C. § 2518(5). The government submitted an affidavit establishing that the civilian monitors were supervised adequately, and thus the wiretap interception was carried out in accordance with 18 U.S.C. § 2518(5).

5.    The government's case at Garcia's trial did not amount to constructive amendment of the indictment. The crime charged and facts presented at trial were not distinctly different from what was charged in the indictment. *United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002). Moreover, Garcia argues that he was convicted of participating in a conspiracy that was smaller than the one charged in the indictment. Constructive amendment typically only applies to the broadening of an indictment, *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012), and is not applicable under the circumstances here.

6. The government's case at Garcia's trial did not amount to a prejudicial variance. The evidence presented at trial was sufficient to support the jury's finding that Garcia was a member of the conspiracy charged in the indictment. *United States v. Baxter*, 492 F.2d 150, 158–61 (9th Cir. 1973).

7. The district court did not err in declining to give a multiple conspiracies jury instruction because the requested instruction was not supported by the evidence presented at Garcia's trial. *United States v. Anguiano*, 873 F.2d 1314, 1317–18 (9th Cir. 1989).

8. The district court did not err in declining to give Garcia's requested accomplice credibility jury instruction. The district court gave alternative instructions on accomplice credibility that "fairly and adequately" instructed the jury on how to evaluate the credibility of the accomplice witness. *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1570, 1573–75 (9th Cir. 1989).

9. The district court erred in overruling Garcia's vouching objection at trial, but ultimately the prosecutor's vouching was a harmless error. Under the totality of the circumstances at trial, including the mildness of the vouching and the prosecutor's self-correction, the district court's instruction on accomplice credibility, defense counsel's effective challenges to the accomplice witness's credibility throughout trial, and the strength of the government's case against

6

Garcia, it is not more probable than not that the prosecutor's vouching for the accomplice witness materially affected the fairness of the trial. *United States v. Hermanek*, 289 F.3d 1076, 1102 (9th Cir. 2002).

10. The district court erred in sentencing Luna to 36 months imprisonment and 5 years supervised release. Luna pled guilty to conspiring to distribute at least 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), which triggers a statutory mandatory minimum sentence of 60 months imprisonment. 21 U.S.C. §§ 841(b)(1)(B), 846. Although the government did not immediately object to the below mandatory minimum sentence on the record, its position that a 60-month mandatory minimum applied was made clear in Luna's plea agreement, the probation officer's pre-sentencing report, both parties' sentencing briefs, and the arguments at the hearing. Under the circumstances, the government did not waive its objection, and the district court imposed an illegal sentence. *United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010). We vacate Luna's sentence and remand to the district court to impose a sentence in accordance with the statutory mandatory minimum.

11. The district court erred in sentencing Gonzales to 108 months imprisonment and 10 years supervised release. Gonzales pled guilty to conspiring to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)(viii), which triggers a statutory mandatory minimum sentence of 120 months imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 846. After the district court announced the 108-month sentence, the government immediately reminded the district court on the record that the 120-month mandatory minimum applied. Thus, the government did not waive its objection to the sentence, and under *Wipf* the sentence imposed was illegal. 620 F.3d at 1171. We vacate Gonzales's sentence and remand to the district court to impose a sentence in accordance with the statutory mandatory minimum.

For the foregoing reasons, the convictions of Abayari, Galvan, Garcia, Luna, and Meyer are AFFIRMED; Luna's and Gonzales's sentences are VACATED; and we REMAND to the district court to re-sentence Luna and Gonzales in accordance with the applicable statutory mandatory minimum.

**AFFIRMED, in part; VACATED and REMANDED, in part.**