FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50550 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00330-JAK |
| v. | |
| ANTONIO SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 18, 2017 [**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Antonio Sanchez appeals from the district court's judgment and challenges

the 180-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute and possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. § 846; distribution and possession with intent to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

methamphetamine, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2(a); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez contends that the district court erred by failing to consider evidence of derivative entrapment and its resulting sentencing entrapment as a mitigating factor to forego imposition of the five-year sentence for his section 924(c) conviction. We disagree. Sanchez's guilty plea waived any entrapment defense to his conviction. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). Further, having suffered that conviction, Sanchez was subject to its mandatory five-year consecutive sentence, and the district court had no authority to depart below it. *See* 18 U.S.C. § 924(c)(1)(A)(i); *United States v. Wipf*, 620 F.3d 1168, 1170-71 (9th Cir. 2010) (substantial assistance and safety valve are the only grounds for imposing a sentence below a mandatory minimum).

**AFFIRMED.**