Per Curiam Opinion; Dissent by Judge WARDLAW.
OPINION
PER CURIAM:
1. David Yepez and Audenago Acosta-Montes’s cases are variations on the same theme. Both were arrested crossing into the United States from Mexico while carrying enough methamphetamine to trigger a ten-year mandatory minimum sentence. Each pled guilty to one count of importing methamphetamine.
After the pleas, but before sentencing, they learned that they were ineligible for relief under the Mandatory Minimum Sentencing Reform Act’s “safety valve” provision. See 18 U.S.C. § 3553(f); United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). The safety valve allows “the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who have made a good-faith effort to cooperate with the government.” Shrestha, 86 F.3d at 938 (internal quotation marks omitted); see also United States v. Wipf, 620 F.3d 1168, 1170 (9th Cir.2010).[1] Safety valve relief is a tempting carrot for drug mules who are facing a mandatory minimum but, to trigger it, they must show that they meet five requirements. 18 U.S.C. § 3553(f); see also United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir.2009).
Yepez and Acosta-Montes’s problem is that one of these requirements is that a defendant “not have more than 1 criminal history point, as determined under the sentencing guidelines.” 18 U.S.C. § 3553(f)(1). The Guidelines assign two criminal history points to defendants who commit a federal crime “while under any criminal justice sentence, including probation.” U.S. Sentencing Guidelines Manual § 4Al.l(d). When they were arrested for carrying drugs into the United States, both were on probation for relatively minor state crimes—Yepez for a DUI, Acosta-Montes for shoplifting.
And here is where it gets interesting: Prior to being sentenced by the district court, each man convinced a state court to terminate his probation “nunc pro tunc” as of the day before he committed his federal crime. See Cal.Penal Code § 1203.3(a) (“The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence.”). Yepez and Acosta-Montes argue *1090 that their nunc pro tunc orders effectively changed history, so that they were no longer on state probation at the time they committed their federal crimes and were, therefore, eligible for safety valve relief.
Yepez’s district judge rejected this argument, and imposed the mandatory minimum sentence. Acosta-Montes’s judge accepted it, and gave him a sentence below the mandatory minimum. We affirm in one case and reverse in the other.[2]
2. The Guidelines assign a defendant two criminal history points if he “committed [a federal] offense while under any criminal justice sentence, including probation.” U.S. Sentencing Guidelines Manual § 4Al.l(d) (emphasis added). By its plain language, the provision looks to a defendant’s status at the time he commits the federal crime. Yepez was on probation while he was arrested for importing methamphetamine on September 16, 2008, and had been for over a year. Aeosta-Montes was on probation while he was arrested on May 7, 2008, and had been for almost two years. That a state court later deemed the probation terminated before the federal crime was committed can have no effect on a defendant’s status at the moment he committed the federal crime. That termination may have beneficial consequences for the defendant under state law, but a court cannot alter the historical fact that the defendant had the status of probationer when he committed his federal crime.
United States v. Mejia, 559 F.3d 1113 (9th Cir.2009), is not to the contrary. The state court order terminating the defendant’s probation in that case was issued years before he committed the federal crime at issue. Id. at 1116, 1119. He was therefore no longer under a criminal justice sentence.
In United States v. Alba-Flores, 577 F.3d at 1111, we held that, when determining whether a federal defendant is under a criminal justice sentence, “[i]t is the actual situation at th[e] precise point in time” that the crime was committed and “not the situation at some earlier or later point that controls.” Even the dissent there agreed that the majority’s holding might have been correct, had the state court retroactively shortened Alba-Flores’s probation. Id. at 1112 (Kozinski, C.J., dissenting). Accepting Alba-Flores’s argument wouldn’t have required a federal court to pretend that the defendant had served less than a year when he actually had served more than a year.
The overall statutory scheme lends further support to our reading of subsection 4Al.l(d). See U.S. Sentencing Guidelines Manual § 4A1.1 cmt. (“§§ 4A1.1 and 4A1.2 must be read together.”). Section 4A1.2 does permit district courts to ignore certain types of previously imposed sentences when calculating criminal history. For example, “[sentences for expunged convictions are not counted.” § 4A1.2(j). Neither are “[sentences resulting from foreign convictions,” nor those that result from “tribal court convictions.” § 4A1.2(h)-(i). The application notes provide that sentences based on convictions that have been ruled constitutionally invalid or that have been reversed or vacated due to errors of law or the defendant’s innocence are also not to be counted. § 4A1.2 cmt. n.6.
The Guidelines’s drafters were thus aware that it was possible for subsequent events to supersede previously imposed sentences. But nothing in the Guidelines or its application notes carves out an exception for probationary sentences that are terminated nunc pro tunc by a state court *1091 order. Even when a conviction is set aside for “reasons unrelated to innocence or errors of law,” we still count the resulting sentence. ' § 4A1.2 cmt. n.10; see also United States v. Hayden, 255 F.3d 768, 770-74 (9th Cir.2001). And the application notes state expressly that “[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score.” § 4A1.2 cmt. background note; cf. Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 107 (2012) (discussing expressio unius canon). Because Yepez and Acosta-Montes cannot point to a provision indicating that their sentences aren’t to be counted, we must infer that they are.
Our sister circuits that have considered the issue of whether to count a probationary sentence that was terminated nunc pro tunc by a state court “for the sole purpose of obtaining favorable federal sentencing consequences,” United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir.2004), have reached a similar conclusion. The Eighth Circuit observed that if a defendant’s “convictions had been vacated for the express purpose of enabling him to become eligible for the safety valve, the sentences would have counted because the convictions would have been set aside for reasons unrelated to his innocence or errors of law.” Id. Thus, the “lesser step of modifying his sentences ... for reasons unrelated to his innocence or errors of law is not a valid basis for not counting the sentences.” Id. And the Tenth Circuit noted that “the Guidelines are intended to capture, via an increase in criminal history points, the very behavior [the defendant] was attempting to avoid: the commission of a crime while under a probationary sentence.” United States v. Pech-Aboytes, 562 F.3d 1234, 1240 (10th Cir.2009); see also Alba-Flores, 577 F.3d at 1110 (majority opinion).
The three-judge panel that originally decided this case reached the opposite conclusion, largely based on principles of comity. See, e.g., Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We acknowledge that “[p]rinciples of comity and federalism counsel against substituting our judgment for that of the state courts.” Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.2004); see also Alba-Flores, 577 F.3d at 1112 (Kozinski, C.J., dissenting). But granting a state court the power to determine whether a federal defendant is eligible for safety valve relief under the Federal Sentencing Guidelines is closer to abdication than comity. “In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system.” Setser v. United States, — U.S.-, 132 S.Ct. 1463, 1471, 182 L.Ed.2d 455 (2012) (internal quotation marks and alterations omitted); see also Taylor v. Sawyer, 284 F.3d 1143, 1151 (9th Cir.2002). State courts cannot be given the authority to change a defendant’s federal sentence by issuing a ruling that alters history and the underlying facts.
The safety valve is a narrow exception to the statutory regime established by the Mandatory Minimum Sentencing Reform Act. As Judge Timlin noted in his dissent from the original panel opinion, crediting the state court’s retroactive termination of Yepez and Acosta-Montes’s probation sentences would “create[ ] an exception to one of five [safety valve] criteria established by Congress and the President” by “judicial fiat.”
Yepez’s sentence is AFFIRMÍED. Acosta-Montes’s sentence is VACATED, and his case is remanded for imposition of a sentence consistent with this opinion.

. Wipf rejects Acosta-Montes's argument that the "parsimony principle” contained in 18 U.S.C. § 3553(a) (i.e., that district courts shall “impose a sentence sufficient, but not greater than necessary” to accomplish the goals of sentencing) permitted the district judge to give him a sentence below the mandatory minimum, even if he isn’t eligible for safety valve relief. See Wipf 620 F.3d at 1170-71. We see no reason to revisit Wipf.

. Because we affirm Yepez's sentence, we need not reach the government’s argument that, under the terms of his plea bargain, he waived his right to appeal his sentence.