**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROBERTO IVAN LIZARRAGA-
CARRIZALES,
*Defendant-Appellant*.

No. 10-50148

D.C. No.
3:09-cr-00691-
WQH-1

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
June 2, 2014—Pasadena, California

Filed July 2, 2014

Before: Stephen S. Trott and Consuelo M. Callahan, Circuit
Judges, and Mark W. Bennett, District Judge.[*]

Opinion by Judge Callahan

---

[*] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence in a case in which the defendant claimed that the district court improperly engaged in judicial fact-finding in denying him safety valve relief from the mandatory minimum sentence and misapplied the Sentencing Guidelines.

The panel held that the safety valve determination under 18 U.S.C. § 3553(f) does not implicate *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because it does not increase the statutory minimum sentence, and that the district court therefore properly engaged in judicial fact-finding in making that determination.

The panel further held that the district court correctly assigned more than one criminal history point to the defendant because he was on probation when he committed the federal offense and because there was an intervening arrest between his two state convictions in 2000. Because these assignments render the defendant ineligible for safety valve relief, the panel concluded that any error in assigning a criminal history point for the defendant's sentence of three years' probation for his 2008 conviction was harmless.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Fife (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter, Chief, Appellate Section, Criminal Division, Daniel E. Zipp (argued), Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

**OPINION**

CALLAHAN, Circuit Judge:

Defendant-Appellant Roberto Ivan Lizarraga-Carrizales ("Lizarraga") appeals his sentence imposed following his guilty plea to importation of heroin in violation of 21 U.S.C. §§ 952 and 960 (the "federal offense"). Lizarraga claims that the district court improperly engaged in judicial fact-finding in denying him safety valve relief from the mandatory minimum sentence and misapplied the Sentencing Guidelines. We hold that the safety valve determination under 18 U.S.C. § 3553(f) does not implicate *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because it does not increase the statutory minimum sentence. We further hold that the district court correctly assigned more than one criminal history point to Lizarraga because he was on probation when he committed the federal offense and because there was an intervening arrest between his two state convictions in 2000. Accordingly, Lizarraga was ineligible for safety valve relief, and we affirm.

**I**

On October 10, 2008, Lizarraga drove into the United States at San Ysidro, California and was arrested after border officers found 7.25 kilograms of heroin hidden inside his vehicle. Lizarraga eventually pled guilty to drug importation in violation of 21 U.S.C. §§ 952 and 960. Because Lizarraga was convicted of importing a kilogram or more of heroin, the ten-year mandatory minimum sentence set by 21 U.S.C. § 960(b) was triggered, and Lizarraga was sentenced to 120 months' custody.

In imposing this sentence, the district court denied Lizarraga's request for safety valve relief from the mandatory minimum sentence under 18 U.S.C. § 3553(f), finding that Lizarraga had five criminal history points, four more than the one point permitted. The court assigned 1) two points for committing the federal offense while on probation for a 2008 state conviction for driving on a suspended license, 2) one point for the 2008 conviction because it resulted in a sentence of three years' probation, and 3) two points for his two state convictions in 2000 for misdemeanor burglary and petty theft. Lizarraga then timely appealed his sentence.

As an initial matter, Lizarraga concedes that the district court properly assigned one criminal history point, but not two points, based on his 2000 state convictions. Safety valve relief under 18 U.S.C. § 3553(f) is available only if the defendant has no more than one criminal history point, so we must affirm the denial of safety valve relief if the district court properly assigned any of the other four criminal history points.

## II

The constitutionality of a statute is a legal question we review de novo. *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1262 (9th Cir. 2005). A district court's interpretation of the sentencing guidelines is reviewed de novo, the application of the guidelines to the facts of the case is reviewed for abuse of discretion, and factual findings are reviewed for clear error. *United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009) (citing *United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006)). Our review of the district court's denial of safety valve relief is deferential, and we must accept the district court's factual findings unless we are "left with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Ferryman*, 444 F.3d at 1186).

Lizarraga's primary contention on appeal is that the facts underlying the safety valve determination must be submitted to a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Under *Apprendi* and *Alleyne*, any fact that increases the statutory minimum or maximum sentence for an offense must be proven to a jury beyond a reasonable doubt. 530 U.S. at 490; 133 S. Ct. at 2158. We have held, post-*Apprendi*, that statutory mandatory minimum sentences triggered by drug quantities found beyond a reasonable doubt by a jury or admitted by the defendant are constitutional. *Labrada-Bustamante*, 428 F.3d at 1262–63. In *Labrada-Bustamante*, we further held that the safety valve provision was constitutional, even though it required judicial fact-finding. *Id*. at 1263 ("[The defendant] would have us hold that facts allowing a *decreased* sentence below [the] mandatory minimum must be found by a jury beyond a reasonable doubt

. . . . Neither *Apprendi* nor *Blakely* [*v. Washington*, 542 U.S. 296 (2004),] compels such a holding.").

We have yet to decide in a published decision whether the safety valve determination implicates *Alleyne*, and only one circuit has done so. In *United States v. Harakaly*, 734 F.3d 88, 98 (1st Cir. 2013), *cert. denied*, 134 S. Ct. 1530 (2014), the defendant argued that the district court violated *Alleyne* "by making a judicial finding, by a preponderance of the evidence, that he occupied a managerial role in the conspiracy, and thus was not eligible for safety-valve relief from the mandatory minimum sentence." *Id.* at 97. The First Circuit rejected this contention, explaining:

> *Alleyne*, by its terms, applies to facts that "increase[ ] the mandatory minimum." [The defendant] suggests that *Alleyne* applies more broadly to any fact that "mandate[s] a greater punishment than a court would otherwise have had discretion to impose." We do not read *Alleyne* so expansively. A fact that precludes safety-valve relief does not trigger or increase the mandatory minimum, but instead prohibits imposition of a sentence below a mandatory minimum already imposed as a result of the guilty plea or jury verdict.

*Id.* at 97–98 (citations omitted).

Continuing, the *Harakaly* court discussed the implications of the defendant's *Alleyne* argument and reiterated that the defendant has the burden of showing his entitlement to safety valve relief by the preponderance of the evidence:

[The defendant's] formulation stretches *Alleyne* well beyond its actual holding; would invalidate Congress's command that "the court find[ ] at sentencing" the relevant safety-valve factors, *see* 18 U.S.C. § 3553(f); and introduces problematic practical considerations. Before granting safety-valve relief, the sentencing judge must make five specific factual findings. *See id.* at § 3553(f)(1)–(5). Under [the defendant's] formulation, safety-valve relief could not be denied at sentencing unless the judge had previously submitted to the jury special verdict questions corresponding to the safety-valve factors, or, in the plea context, the guilty plea expressly recited the absence of one or more factors. This arrangement would put the burden on the government to prove that the safety valve is inapplicable, but it has long been held that "[t]he defendant plainly has the burden of proving, by a preponderance of the evidence, entitlement to relief under [§ ] 3553(f)." *United States v. Miranda-Santiago*, 96 F.3d 517, 529 n.25 (1st Cir. 1996). This allocation of the burden makes perfect sense; were it otherwise, the government would be required to disprove the safety-valve factors *before* the defendant ever expressed an intent to seek a sentencing reduction via the safety valve.

*Id.* at 98; *see also United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007) ("The defendant bears the burden of proving safety valve eligibility by a preponderance of the

evidence."); *United States v. Jimenez*, 451 F.3d 97, 102–03 (2d Cir. 2006) (defendant has burden to show eligibility for safety valve relief, as "[t]he safety valve certainly was not intended to impose on the government five additional elements that it must prove before triggering the imposition of a mandatory-minimum sentence").

Lizarraga may be correct that a district court does not, as a practical matter, impose a mandatory minimum sentence and then examine whether safety valve relief is available. However, the safety valve does not come into play until the sentencing judge determines that a mandatory minimum applies. We agree with the First Circuit that the denial of safety valve relief does not increase the statutory maximum or minimum such that *Alleyne* is implicated. This holding accords with our holding in *Labrada-Bustamante* that the safety valve determination did not violate *Apprendi*, despite its reliance on judicial fact-finding. *See* 428 F.3d at 1262–63. Accordingly, the factual predicate for denying safety valve relief need not be proven to a jury. Such determinations, including whether a defendant was on probation at the time of his arrest for a federal offense and whether there was an intervening arrest between a defendant's prior convictions for which he was sentenced on the same day, may be made by the judge by a preponderance of the evidence.

We also reject Lizarraga's contention that the district court violated *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), when it found that Lizarraga was on probation at the time he committed the federal offense. *Butler* held that, where a defendant's probationary status increased the statutory maximum sentence for a crime, the question of whether he was on probation when he committed the crime was a fact that must be either admitted or found by a jury beyond a

reasonable doubt. *Id.* at 628–29, 647–48. *Butler* is not implicated here because Lizarraga's probationary status did not increase the statutory maximum or minimum sentence but rather barred safety valve relief.

Accordingly, we hold that the district court properly engaged in judicial fact-finding in determining that Lizarraga was not eligible for safety valve relief.

## III

Aside from his constitutional objections, Lizarraga argues that the district court misapplied the Guidelines in assigning him two criminal history points for committing the federal offense while on probation. The Guidelines assign a defendant two criminal history points if he commits a federal offense while under a criminal justice sentence, including a sentence of probation. U.S.S.G. § 4A1.1(d). Lizarraga was sentenced to three years' probation on September 22, 2008 for his 2008 conviction for driving on a suspended license, and he was still on probation when he committed the federal offense. However, Lizarraga obtained an order on July 30, 2009, prior to his sentencing for the instant offense, which terminated his probation nunc pro tunc[1] to 18 days, ending on October 7, 2008, three days before the instant offense. Lizarraga argues that the state court's nunc pro tunc order meant that he could not be considered as being on probation at the time of the offense for federal sentencing purposes.

This argument is unavailing, as we rejected an identical argument in *United States v. Yepez*, 704 F.3d 1087 (9th Cir.

---

[1] *Black's Law Dictionary* (9th ed. 2009), defines "nunc pro tunc" as "having retroactive legal effect through a court's inherent power."

2012) (en banc) (per curiam), *cert. denied*, 133 S. Ct. 2040 (2013). In *Yepez*, two defendants were arrested for drug importation and sought safety valve relief from the ten-year mandatory minimum sentence. They argued that they should not receive two criminal history points for committing their federal offenses while on probation, as they had obtained orders in state court after their arrests terminating their probation nunc pro tunc, effective the day before they committed the federal offenses. We rejected this contention, explaining that the Guidelines look to a defendant's status "at the time he commits the federal crime":

> That a state court later deemed the probation terminated before the federal crime was committed can have no effect on a defendant's status at the moment he committed the federal crime. That termination may have beneficial consequences for the defendant under state law, but a court cannot alter the historical fact that the defendant had the status of probationer when he committed his federal crime . . . . State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts.

*Id.* at 1090–91; *see also Alba-Flores*, 577 F.3d at 1111 (when determining whether a federal defendant is under a criminal justice sentence, "[i]t is the actual situation at th[e] precise point in time" that the crime was committed that controls, "not the situation at some earlier or later point"). Here, too, the state court's nunc pro tunc order cannot alter the fact that Lizarraga was actually on probation when he imported the

heroin in 2008. Accordingly, we hold that the district court properly assigned Lizarraga two criminal history points for committing a federal offense while serving a criminal justice sentence.

## IV

Lizarraga also argues that the district court erred in assigning him two points for his two convictions in 2000 that were sentenced on the same day. Under the Guidelines, prior sentences are counted as a single sentence if they were imposed on the same day, unless the underlying offenses were separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2). Lizarraga argues that the district court's reliance on police computer printouts to find an intervening arrest violated *Shepard v. United States*, 544 U.S. 13 (2005), and therefore there was insufficient evidence of an intervening arrest. As noted, he concedes that the assignment of one criminal history point for these convictions was proper.

We approved a district court's reliance on similar computer printouts at sentencing in *United States v. Felix*, 561 F.3d 1036, 1042–43 (9th Cir. 2009). In *Felix*, a district court found that the defendant had a prior conviction which barred safety valve relief. We concluded that "the district court did not err when it relied on the PSR, the Pima County criminal history computer printout, and the probation officer's statements in determining that [the defendant] had a prior misdemeanor conviction." *Id.* at 1043. In so holding, we distinguished *Shepard*, which addressed whether a court could rely on certain documents to determine the type or character of a conviction under the modified categorical approach, not the fact of the conviction, explaining that "the

preponderance of the evidence is generally the appropriate standard for factual findings used for sentencing." *Id.* at 1045. Further, sentencing courts are not limited to evidence that would be admissible at trial. *Id.* at 1042 (citing, inter alia, U.S.S.G. § 6A1.3 cmt.; *United States v. Marin-Cuevas*, 147 F.3d 889 (9th Cir. 1998)).

In light of *Felix* and our holding that the safety valve determination does not implicate *Alleyne*, the district court was entitled to rely on police computer printouts from the San Diego Sheriff's Department. These printouts, the charging documents for the 2000 offenses, and the presentence report for the federal offense all support the district court's finding of an intervening arrest. They show that: 1) Lizarraga committed misdemeanor burglary and petty theft at a Target store in Chula Vista, California on August 16, 2000; 2) Lizarraga was arraigned in that case on August 18, 2000 and then released on his own recognizance; and 3) Lizarraga committed a second offense, petty theft, at a different address in Chula Vista on August 19, 2000. In light of this evidence, and Lizarraga's failure to offer evidence to the contrary, the district court's assignment of two points for his 2000 convictions was proper.

## V

Lizarraga also argues that the district court erred in assigning him one criminal history point for having received a term of probation longer than a year. Although Lizarraga was sentenced to three years' probation for his conviction for driving on a suspended license in 2008, he had only served 311 days when he successfully petitioned the state court to terminate his probation nunc pro tunc to 18 days on July 30, 2009.

Section 4A1.2(c) of the Guidelines states that a defendant may only receive a criminal history point for a conviction resulting in a sentence of probation if the sentence was for more than one year.  We explained in *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009), that the measure of the "term of probation" in § 4A1.2(c) is the time *actually served* on probation, not the sentence initially imposed, as "a term of probation means a term of actual probation."  However, we later explained in *Yepez*, 704 F.3d at 1090–91, that with respect to a probationary status, it is the defendant's status on the day of the federal offense that controls, even if the probation is later terminated nunc pro tunc.  Further, Lizarraga may have obtained the termination of his probation in hope of affecting his sentence for the federal offense, thus risking an "odor of gaming the federal sentencing system." *See Alba-Flores*, 577 F.3d at 1111.

Nonetheless, we need not resolve any possible tension between *Mejia* and *Yepez* because we have already held that the district court properly assigned four criminal history points which render Lizarraga ineligible for safety valve relief.  Accordingly, even assuming the district court erred in assigning a point for Lizarraga's sentence of three years' probation, such error was harmless.

## VI

The district court properly engaged in judicial fact-finding in making its safety valve determination, because the denial of safety valve relief does not increase the statutory minimum sentence.  Further, the district court 1) correctly assigned Lizarraga two criminal history points for committing the federal offense while on probation, and 2) correctly assigned two criminal history points for Lizarraga's 2000 convictions.

Because these assignments render Lizarraga ineligible for safety valve relief, any error in assigning a criminal history point for Lizarraga's sentence of three years' probation for his 2008 conviction was harmless.  Accordingly, Lizarraga's sentence is **AFFIRMED**.