**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10514 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00857-JGZ |
| v. | |
| DARIO TEQUIDA-ESQUER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Dario Tequida-Esquer appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B)(vii), and 846; and possession with intent to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tequida-Esquer contends that the district court erred by imposing the mandatory minimum sentence based in part on its finding that Tequida-Esquer possessed a firearm in connection with his offense and was, therefore, ineligible to be sentenced under the safety valve provision, 18 U.S.C. § 3553(f).  Tequida-Esquer argues that the facts underlying the safety valve determination must be submitted to a jury under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  This argument is foreclosed.  *See United States v. Lizarraga-Carrizales*, 757 F.3d 995, 999 (9th Cir. 2014) ("[T]he denial of safety valve relief does not increase the statutory maximum or minimum such that *Alleyne* is implicated . . . Accordingly, the factual predicate for denying safety valve relief need not be proven to a jury.").

**AFFIRMED.**