**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEBASTIAN LEIGH ECCLESTON,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 13-56065

D.C. No. 2:12-cv-03999-JSL-CW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Sebastian Eccleston appeals the district court's denial of his 28 U.S.C. §

2241 habeas petition, which challenged the Bureau of Prisons's discretionary

denial of a *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b). We have

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's denial of the habeas petition de novo. *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). We affirm.

Eccleston argues that the Bureau of Prisons was bound by the state judgment, which provides that the state and federal sentences run concurrently. However, the original state judgment was superseded by a new judgment, which essentially gave Eccleston credit for his federal sentence. The stipulated order, bearing the written approval and signatures of petitioner and his lawyer, specifically states, "[b]ecause of the chronology of how the pleas and sentences were entered, and the operation of federal law, it has become clear that it is not possible for the sentences to be served concurrently." The district court correctly held that the new state judgment does not order that the new state sentence run concurrently with the federal sentence. In any event, the state court has no control over the federal sentence. *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (per curiam); *Taylor v. Sawyer*, 284 F.3d 1143, 1151-52 (9th Cir. 2002), *abrogated on other grounds by Setser*, 132 S. Ct. at 1473.

We decline to consider the remaining arguments, which were raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2. (9th Cir. 2009) (per curiam).

**AFFIRMED**.