**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNETTE M. LEROUX, as Trustee of the William James Ross IV Irrevocable Trust and Edmund William Ross II Irrevocable Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CPA INSURANCE COMPANY, a foreign corporation; et al., <br><br> Defendants-Appellees. | No. 16-55549 <br><br> D.C. No. 8:14-cv-01540-JVS-JCG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and PIERSOL,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

Annette M. LeRoux appeals the district court's dismissal of her claims and denial of her motion for reconsideration. We review dismissal on standing grounds de novo, but factual issues underlying the standing determination are reviewed for clear error. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). Denial of a motion for reconsideration is reviewed for abuse of discretion, but legal conclusions on which the denial was based are reviewed de novo. *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 965 n.3 (9th Cir. 2016). We affirm.

**1.** LeRoux's claims were all "sufficiently rooted in [William James Ross III's] pre-bankruptcy past" such that even if they arose post-bankruptcy filing, they were part of the bankruptcy estate.[1] *Segal v. Rochelle*, 382 U.S. 375, 379 (1966). LeRoux's breach of contract claim against ICON Reinsurance, Ltd. ("ICON") alleges breach at the time when CPA Insurance Company allegedly breached the compensation agreement, which was in April 2009—well before Ross's fall-2010 bankruptcy filing. Her declaratory relief claim against ICON, Stephanie H. Shear, Douglas F. Rubino, and Julie-Ann Eastwood alleges breach of the compensation agreement in April 2009. The two claims brought pursuant to the Racketeer

---

[1] LeRoux advances many arguments involving the Third Circuit case *In re O'Dowd*, 233 F.3d 197 (3d Cir. 2000), which was relied on by the district court. But we review standing de novo and we see no reason to adopt *O'Dowd*'s "conceptually impossible to sever" test.

2

Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) & 1962(d), expressly allege a pattern of racketeering activity beginning in 2008 or 2009.[2] And all liability alleged in the remaining claims, even if based on post-bankruptcy actions, is predicated on CPA, ICON, Rubino, Shear, and Eastwood's conduct between January and April 2009. For example, the fraudulent conveyance claim and the unjust enrichment claim allege defendants received assets rightfully belonging to Ross, but the assets belong to Ross only if the compensation agreement was breached, which allegedly occurred pre-bankruptcy.

2. Only claims against CPA were abandoned and assigned to LeRoux, so she cannot bring claims against other defendants. As an initial matter, LeRoux does not raise substantive arguments against the district court's abandonment ruling until her reply brief, and, as such, these arguments are waived. *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991). In any event, LeRoux's arguments are unavailing. LeRoux's motion to compel abandonment requests "that the Trustee be compelled to abandon any and all choses-in-action against CPA," the trustee's notice of abandonment states that the trustee intends to abandon "a cause of action against CPA Insurance Company," the bankruptcy

---

[2] LeRoux's argument that we should disregard allegations that are made on information and belief is unsupported by law and would unfairly shield her from the consequences of her own complaint's allegations.

court's abandonment order references "abandonment of the claim," and the bankruptcy court reiterated (on LeRoux's motion) that "the cause of action against CPA Insurance company is abandoned." The inevitable conclusion is that LeRoux received exactly what she asked for: abandonment of causes of action *against* CPA. *See Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002).

Creditors need not know each and every potential defendant, but it is beyond belief that LeRoux was unaware of other potential defendants at the time. Abandonment proceedings occurred in November and December 2013. A few days later, LeRoux sought and obtained "assignment of rights [including] any right of action . . . against CPA Insurance Company, *or others,* arising out of breach[]" of the compensation agreement. And less than a month later, LeRoux filed this lawsuit against CPA, Rubino, Eastwood, Shear, McKay, and Rock.

**3.** The district court did not abuse its discretion in denying LeRoux's motion for reconsideration. Rather than correcting a clear mistake and preventing injustice, the bankruptcy court's 2015 *nunc pro tunc* "clarification" that its prior abandonment orders actually broadly abandoned "any and all claims against any individual or entity arising out of or related to" the compensation agreement, altered the substance of what actually transpired. *Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008). Furthermore, LeRoux explicitly told the bankruptcy

4

court that such revision was necessary to overturn the district court's ruling.[3]  *Cf. id.* (stating that the *nunc pro tunc* power "does not imply the ability . . . to backdate events to serve some" purpose other than correcting "a clear mistake" and preventing injustice).

In any event, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *see also id.* at 830–38 (delineating the exceptions to that principle, none of which applies here).  And we have squarely held that standing cannot be created retroactively.  *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 483 n.6 (9th Cir. 2011).  Accordingly, the district court did not abuse its discretion in determining that regardless of the *nunc pro tunc* order, as a matter of historical fact, LeRoux's claims had not been abandoned when she filed the operative complaint.  *See United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012) (en banc); *United States v. Alba-Flores*, 577 F.3d 1104, 1111 (9th Cir. 2009).

**AFFIRMED.**

---

[3]  Eastwood, ICON, McKay, Rock, and Rubino's motion to take judicial notice of the transcript from the bankruptcy court's hearing regarding the *nunc pro tunc* order is granted.