NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50215 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00388-RGK-2 |
| v. | |
| EDWARD NOLAN NORWOOD, AKA Polo, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50249 |
| Plaintiff-Appellant, | D.C. No. 2:13-cr-00388-RGK-2 |
| v. | |
| EDWARD NOLAN NORWOOD, AKA Polo, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BEA and MURGUIA, Circuit Judges, and KEELEY,[**] District Judge.

Edward Norwood was indicted on conspiracy and distribution charges for his role in the sale of crack cocaine to a confidential informant. The government filed an information pursuant to 21 U.S.C. § 851 (the Information), alleging that Norwood had a prior felony drug conviction and therefore was subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). The Information identified the qualifying conviction as Norwood's February 14, 2007 felony conviction for possession of a controlled substance, in violation of California Health & Safety Code § 11350.[1]

In November 2014, while Norwood's federal case was pending, California voters approved Proposition 47, which allowed defendants with prior convictions for certain felony offenses to petition the California courts to reclassify those convictions as misdemeanors. *See* Cal. Penal Code 1170.18(f)–(h), (k). In July 2015, Norwood successfully petitioned to reclassify his prior felony drug conviction as a misdemeanor. Norwood then moved to dismiss the Information on the ground that he no longer had a qualifying prior felony drug conviction, and the district court granted the motion. Facing a mandatory minimum sentence of five

---

[**] The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

[1] Norwood was sentenced to five years of imprisonment for his 2007 conviction. He committed the instant offense while on parole for that conviction.

years, rather than ten years, Norwood entered a plea of guilty.

At sentencing, the district court treated the 2007 conviction as a felony, which yielded three additional criminal history points and two additional criminal history points because Norwood was still on parole at the time he committed the instant federal offense. U.S.S.G. § 4A1.1(a), (d). Based on a Criminal History Category VI, the district court sentenced Norwood to 72 months of imprisonment.

Norwood appeals the district court's calculation of his criminal history points. The government cross-appeals the district court's dismissal of the Information and its attendant failure to apply the ten-year mandatory minimum sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), (b). We affirm in part and reverse in part.

1. We review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)).

Whether a defendant's prior state conviction is a qualifying conviction under the Sentencing Guidelines is a question of federal, not state, law. *See United States v. Norbury*, 492 F.3d 1012, 1014 (9th Cir. 2007). Critically, when calculating criminal history points, the sentencing court "looks to a defendant's status at the

16-50215

time he commits the federal crime." *United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012) (en banc) (per curiam); U.S.S.G. § 4A1.2. At the time Norwood committed the instant federal offense, he had a prior final state felony drug conviction and was on parole for that conviction. The district court correctly determined that a reclassification under Proposition 47 did not alter these "historical fact[s]." *See Yepez*, 704 F.3d at 1090 (holding that a state court's termination of probation "nunc pro tunc" as of the day before a defendant committed his federal crime has "no effect on [the] defendant's status at the moment he committed the federal crime"); *see also United States v. Salazar-Mojica*, 634 F.3d 1070 (9th Cir. 2011) (holding that a state court's relabeling of a conviction from a felony to a misdemeanor has no impact on the Guidelines calculation). Thus, the district court did not err in calculating Norwood's criminal history points.

2. We review de novo the district court's dismissal of an information based on its interpretation of a federal statute. *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009). Norwood argues that the government's cross-appeal is moot because the Information was not "in effect" at the time he pleaded guilty. Contrary to Norwood's claim, § 851(a) provides only that the information must be filed "before trial, or before entry of a plea of guilty"; it does not require that the information to be "in effect" at the time of a plea. 21 U.S.C. § 851(a). Further, the

government was not required to take an interlocutory appeal. The plain language of § 851(d) allows the government to appeal the dismissal of an information before sentencing, but does not require it. *See* 21 U.S.C. § 851(d)(2). Moreover, the government may always appeal a final sentence if it was "imposed in violation of law." 18 U.S.C. § 3742(b)(1). Thus, the government's cross-appeal is neither moot nor untimely.

During the pendency of Norwood's appeal, we decided *United States v. Diaz*, which held that Proposition 47 "does not undermine a prior conviction's felony-status for purposes of [18 U.S.C.] § 841." 838 F.3d 968, 975 (9th Cir. 2016). In *Diaz*, we made clear that the § 841 inquiry requires "only that a defendant have committed his federal crime after" the qualifying federal drug offense conviction became final. *Id.* at 973 (quoting 21 U.S.C. § 841(b)(1)(A)) (internal citations omitted). In other words, the event triggering application of the enhancement is the finality of the conviction. Here, it is undisputed that, at the time of his federal sentencing, Norwood's prior state felony drug conviction was final. Thus, under *Diaz,* Norwood's prior conviction remains a qualifying offense under § 841, and the district court erred when it dismissed the government's § 851 information. *See id.* at 973–94.

As we have explained, § 851(a) "ensures proper notice so a defendant is able to challenge the information. It allows a defendant to make an informed decision

about whether or not to plead guilty." *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000). Although Norwood was warned that the government could appeal the dismissal of the Information, he argues on appeal that he would not have pleaded guilty had the Information still been "in effect" at the time he entered his plea. Having reviewed the plea colloquy, we conclude that a reasonable person in Norwood's position could have been confused about the potential consequences of his guilty plea, which, in turn, could have affected the decision about whether or not to plead. *See United States v. Sperow*, 494 F.3d 1223, 1228 (9th Cir. 2007).

We therefore affirm the calculation of Norwood's criminal history points and reverse the dismissal of the government's § 851 information. Because we are not convinced that Norwood's plea was knowingly and intelligently made, we remand with instructions to the district court to allow Norwood to withdraw his guilty plea.

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**