**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50343 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:15-cr-01201-BTM-1 |
| WILLIE DWAYNE MICKEY, AKA Ace, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before:  McKEOWN and WARDLAW, Circuit Judges, and DONATO,[**] District
Judge.

Willie Dwayne Mickey appeals his conviction, after a five-day jury trial, for

two counts of sex trafficking by force, threats of force, fraud, coercion, or any

combination of such means in violation of 18 U.S.C. §§ 1591(a) and (b)(1).  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

here address Mickey's evidentiary and sentencing claims.[1]  Because the parties are

familiar with the facts, we do not recite them here.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

## I.       Rule 404(b) Ruling

The district court did not abuse its discretion when it admitted evidence of

Mickey's 2012 Valentine's Day assault on K.I.  *United States v. Romero*, 282 F.3d

683, 688 (9th Cir. 2002).  Evidence of the assault was admissible to show

Mickey's intent, plan, and motive in using violence to traffic the prostitutes

working for him, including K.I.  *See* Fed. R. Evid. 404(b).

Nor did the district court abuse its discretion in finding that evidence of this

assault was admissible under Federal Rule of Evidence 403.  *See* Fed. R. Evid.

403; *United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012).  Evidence of

the assault corroborated the prosecution's theory that Mickey used force in causing

prostitutes to work for him, and the risk of unfair prejudice from the photos did not

substantially outweigh their probative value.  In any event, any claimed error was

also harmless in light of the overwhelming evidence supporting conviction.  *See*

*United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000).

## II.      Sixth Amendment Claim

---

[1] Mickey's specific unanimity and constructive amendment claims are addressed in
the concurrently-filed Opinion.

The district court's refusal to include a specific unanimity requirement with respect to the means that Mickey used to traffic A.P. and K.I. did not violate the Sixth Amendment, a claim we review de novo. *See United States v. Lizarraga-Carrizales*, 757 F.3d 995, 997 (9th Cir. 2014). The lack of such an instruction did not increase the mandatory minimum sentence that Mickey faced. *See Alleyne v. United States*, 570 U.S. 99, 107–08 (2013). Mickey's indictment charged him with violating 18 U.S.C. §§ 1591(a) and (b)(1). That section of the statute states in relevant part that "if the offense was effected by means of force, threats of force, fraud, or coercion . . . or any combination of such means . . ." the punishment is "imprisonment for any term of years not less than 15 or for life." 18 U.S.C. §§ 1591(b)(1). Hence, Mickey only faced a mandatory minimum sentence of 15 years.

Mickey argues that because a different subsection of the statute, 18 U.S.C. § 1591(b)(2), permits a mandatory minimum sentence of only 10 years, the district court was required by *Alleyne* to provide a specific unanimity instruction. *See* 570 U.S. at 107–08; *see also Apprendi v. New Jersey*, 530 U.S. 466 (2000). That is not so. To see why, one need only review 18 U.S.C. §§ 1591(b)(1) and (b)(2) together:

> **(1)** *if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection* (e)(2), *or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14*

3

years at the time of such offense, by a fine under this title and *imprisonment for any term of years not less than 15* or for life; or

**(2)** *if the offense was not so effected*, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and *imprisonment for not less than 10 years* or for life." 18 U.S.C. §§ 1591(b)(1), (b)(2) (emphases added).

As the emphasized language indicates, the statute sets out a binary choice between two mandatory minimums. If the offense is effected by "means of force, threats of force, fraud, or coercion . . . or by any combination of such means," the mandatory minimum is 15 years. By contrast, "if the offense was not so effected," the mandatory minimum could be 10 years. *Id.*

Mickey was neither indicted nor tried for violating 18 U.S.C. § 1591(b)(2). Because the only mandatory minimum Mickey ever faced was 15 years, *Alleyne* does not apply, and no Sixth Amendment violation occurred.

**AFFIRMED.**