NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50101 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00614-PA-1 |
| v. | |
| EVERARDO VALENCIA ALCALA, AKA Lalo Everardo Alcala, AKA Evarardo Alcala Lalo, AKA Evarardo Alcala Valencia, AKA Alcala Valencia, AKA Alcala Evarardo Valencia, AKA Eduardo Valencia, AKA Evarado Valencia, AKA Everardo Valencia, AKA Lalo Valencia, AKA Eduardo Valencia-Alcala, AKA Everado Valencia-Alcala, AKA Everardo Valencia-Alcala, AKA Gerardo Valencia-Alcala, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Everardo Valencia Alcala appeals from the district court's judgment and challenges the 42-month sentence imposed following his bench-trial conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Alcala challenges the district court's application of a four-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)(D).  He first argues that the enhancement was improper because the post-removal conviction at issue was reduced to a misdemeanor pursuant to subsequent California state law.  However, the change in the status of that prior offense does not alter the fact that after Alcala was ordered removed, he engaged in criminal conduct that resulted in a felony conviction.  *See* U.S.S.G. § 2L1.2(b)(3)(D) (2018); *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) ("State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts."); *see also United States v. Diaz*, 838 F.3d 968, 972-74 (9th Cir. 2016) (reclassification under California's Proposition 47 does not invalidate sentencing enhancement under 21 U.S.C. § 841).  Alcala also argues that the district court's application of the challenged enhancement violated the Equal Protection Clause.  However, as this court has repeatedly held, no equal protection violation occurs when defendants who commit the same crimes at different times receive different sentences because of changes in sentencing policy.  *See*

19-50101

*McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991).

**AFFIRMED.**