Filed 7/27/21  P. v. Kramer CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW H. KRAMER,<br><br>    Defendant and Appellant. | 2d Crim. No. B304830<br>(Super. Ct. No. BA435471)<br>(Los Angeles County) |

Andrew H. Kramer appeals the trial court's order denying his motion for presentence custody credit for time spent in county jail between imposition of sentence in a federal case and imposition of sentence in the underlying state case.  (See Pen. Code, § 2900.5.)[1]  He contends the prosecution failed to establish that the time spent in county jail following the federal sentencing hearing was applied toward his federal sentence.  But that was not the prosecution's burden.  Appellant had to prove he remained in state custody between imposition of the two

---

[1] All statutory references are to the Penal Code.

sentences, thereby entitling him to full presentence custody credit on the state sentence. He failed to do so. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

George Lanning was appellant's business partner and landlord. Following a rift between the two, appellant hired men to terrorize Lanning and his family. They stalked Lanning's family for several years and repeatedly vandalized his home. During a home invasion, the men attacked and seriously injured Lanning's wife and son.

Appellant was arrested on April 16, 2013 for the crimes perpetrated against the Lanning family. He was confined in the Los Angeles County Jail.

In 2015, federal prosecutors charged appellant with conspiracy to distribute marijuana, alleging that he distributed 1000 kilograms of marijuana over the course of six years. The parties' plea agreement provided for a 16-year sentence to be served concurrently with any sentence subsequently imposed by the state court. Appellant was sentenced on January 28, 2016. The federal court stated it had no objection to the concurrent sentence and that "the State court [can do] anything they want with it."

In 2016, an indictment was filed in state court charging appellant with 30 offenses involving the Lanning family, including arson and attempted murder. On July 17, 2018, pursuant to a plea agreement, appellant pled guilty to two counts of stalking (§ 646.9, subd. (a)), six counts of arson of a structure (§ 451, subd. (c)), two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) and one count of attempted arson (§ 455).

2

As provided in the plea agreement, the superior court sentenced appellant to state prison for 33 years and four months, to be served concurrently with the federal sentence. Appellant was awarded 974 days of presentence custody credit for days actually served. The probation report estimated appellant had been in county jail for a total of 1,185 days.[2]

In 2019, appellant filed, in pro. per., a habeas petition seeking additional presentencing credit. He contended the superior court erred by denying him custody credits from January 28, 2016, the date of the federal sentencing, to July 17, 2018, the date of the state sentencing. Appellant claimed the charges from the two cases were "related and simultaneous." The superior court denied the petition, noting that "[p]etitioner was serving a sentence on an unrelated federal crime" and that "[c]redits were properly denied under *In re Rojas* (1979) 23 Cal.3d 152 [*Rojas*]."

Thereafter, appellant filed a motion, in pro. per., seeking the same relief as his habeas petition. The superior court denied the motion, citing its past rejection of appellant's claim that the court erroneously applied *Rojas*.

DISCUSSION

The sole issue on appeal is whether appellant was entitled to presentence custody credit for the period he was in county jail between imposition of his federal sentence on January 28, 2016 and imposition of his state sentence on July 17, 2018. (See § 2900.5.) Under *Rojas*, a defendant does not receive presentence

---

[2] The actual number of days between appellant's arrest on April 16, 2013 and his federal sentencing on January 28, 2016 is 1,017. It is unclear why he received 974 actual days of credit for that period.

3

credit for time spent in custody awaiting sentencing if he or she is already serving a term of incarceration during that same period. (*Rojas*, *supra*, 23 Cal.3d at pp. 155-156.)  Thus, appellant was not entitled to custody credit for his time in county jail if he had begun to serve his federal sentence after the federal sentencing hearing.  The question is whether appellant was in fact serving his federal sentence during that period.  If he was not, he is entitled to the additional credit on his state sentence.  (See *ibid.*)

Section 2900.5, subdivision (a) provides that "time spent in confinement before sentencing shall be credited against any prison term ultimately imposed.  Subdivision (b) limits such credit to situations 'where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted.'" (*People v. Purvis* (1992) 11 Cal.App.4th 1193, 1196 (*Purvis*); § 2900.5, subd. (b).)

This is a "mixed conduct" case because appellant's presentence custody may be "'attributable . . . both to conduct which is, and conduct which is not, attributable to the proceedings related to the conduct for which he was convicted and sentenced [in state court].' [Citation.]" (*Purvis*, *supra*, 11 Cal.App.4th at p. 1196.)  "'[T]he defendant has the burden in every mixed conduct case to prove entitlement to presentence custody credits by showing that such custody was "strict[ly] caus[ed]" by the same conduct for which he is convicted and to be sentenced.' [Citation.]" (*Ibid.*; *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485 ["A defendant must prove that the conduct which led to the conviction was a 'dispositive' or "'but for'" cause of the presentence custody"].)

The parties acknowledge they do not know whether appellant actually received county jail time credit on his federal

sentence. Appellant attempts to shift his burden of proof to the prosecution, stating: "If there is an order from the United States Attorney General or [federal] Bureau of Prisons [BOP] showing that appellant was in fact taken into federal custody before appellant was sentenced by the superior court on July 17, 2018, then the California State Attorney General's Office can prove it by augmenting the appellate record with such an order."

Drawing inferences from an undeveloped record is not a substitute for direct evidence demonstrating appellant was not accorded jail time credit on his federal sentence. "[T]he Attorney General, through [the] BOP, has the responsibility for administering the sentence." (*United States v. Wilson* (1992) 503 U.S. 329, 335 [117 L.Ed.2d 593].) Whether the federal sentence had commenced in this case ultimately depends upon the BOP, which has discretion to run the state and federal sentences concurrently. Yet there is no law requiring it to do so. (See *United States v. Yepez* (9th Cir. 2012) 704 F.3d 1087, 1091; *Taylor v. Sawyer* (9th Cir. 2002) 284 F.3d 1143, 1150 ["[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials"].)

We conclude appellant has failed to provide sufficient evidence that the BOP did *not* credit him with the jail time. Nor has he shown that such information is not reasonably obtainable from the BOP or the United States Attorney's Office. Should appellant acquire that information, "nothing in this decision is intended to preclude a resort to such other remedies as may be available to him."[3] (*Purvis*, *supra*, 11 Cal.App.4th at p. 1200.)

---

[3] On July 15, 2020, appellant filed, in pro. per., a petition for writ of habeas corpus (No. B306611) raising the same issues presented on appeal. We deferred resolution of the petition

## DISPOSITION

The judgment (order denying motion for presentence custody credit) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

---

pending disposition of this appeal.  By separate order, we deny the petition effective this date.  (See Cal. Rules of Ct., rule 8.387(b)(2)(B).)

Ronald S. Coen, Judge
Superior Court County of Los Angeles

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriguez, acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul R. Roadarmel, Jr., Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.